## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TENET HEALTH SYSTEM** | : | |
| **PHILADELPHIA, INC., d/b/a** | : | |
| **HAHNEMANN UNIVERSITY** | : | |
| **HOSPITAL** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 07-4948** |
| **v.** | : | |
| | : | |
| **DIVERSIFIED ADMINISTRATION** | : | |
| **CORPORATION, ET AL.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

**Tucker, J.**                                             **May _____, 2012**

       Plaintiff Tenet Healthsystem originally brought this action in the Court of Common Pleas of Philadelphia County asserting a breach of contract claim against the Defendants for failure to fully pay for medical services rendered by Plaintiff on behalf of a plan participant. Defendants subsequently removed the action to this Court on the grounds that Plaintiff's claims are preempted by ERISA.  Now pending before the Court is Defendants' Motion to Dismiss (Doc. 4, 5, 9) pursuant to Federal Rules of Civil Procedure 12(b)(6) and Plaintiff's Response (Doc. 18), which the Court will construe as a Motion to Remand.  Upon reviewing the parties' submissions, the Court finds that it lacks removal jurisdiction.  Consistent with the Court's findings that this case was improperly removed, the Court will deny Defendants' motion to dismiss and remand the case to state court.

## FACTUAL BACKGROUND

       Plaintiff Tenet Healthsystem Philadelphia, Inc. dba Hahnemann University Hospital, owns and operates Hahnemann University Hospital in Philadelphia, PA.  Defendant Diversified Administration Corporation is a subsidiary of Defendant Diversified Group Brokerage

Corporation; both companies have primary places of business in Connecticut.  Defendant Hersha

Hospitality Management Corporation is general partner to Defendant Hersha Hospitality

Management, LP ("Hersha HM"); both companies have primary places of business in

Pennsylvania.  Defendant Beech Street Corporation of California ("Beech") has its primary place

of business in California and is a subsidiary of Defendant Concentra Network Services, Inc. (now

known as Viant, Inc.) which has its primary place of business in Illinois.  Defendant Concentra,

Inc. is the parent company of Defendant Concentra Network Services, Inc. and has its primary

place of business in Texas.  Diversified Administration Corporation ("DAC") is a third party

administrator responsible for medical claim administration on behalf of all Defendants including

Defendant Hersha Hospitality Management, L.P. and its employees. (Compl. ¶¶ 1-9.)

Plaintiff initiated this action in the Court of Common Pleas of Philadelphia County on

October 5, 2007.  At all relevant times, Plaintiff alleges that an individual named Schofield was

an eligible member/subscriber of Hersha HM's health insurance plan.  On July 21, 2005, Plaintiff

obtained authorization from DAC to provide medical services to Schofield; and, on August 5,

2005, Plaintiff provided inpatient medical services to Schofield totaling $139,192.50.[1]  Plaintiff

claims that on September 28, 2005, Plaintiff timely submitted a claim to Beech for

reimbursement of the charges incurred by Schofield.  On March 1, 2006, DAC sent to Plaintiff a

payment of $23,570.72.  Plaintiff seeks reimbursement of the balance due and owing by

Schofield in the amount of $115,621.78 plus interest of 6% per annum from September 7, 2007.

To support its claim, Plaintiff alleges that the charges for medical services rendered were regular

---

[1]  These charges included $5,337 per night for a semi-private room; $103,543 for surgical and
anesthesia services, and $10,721 in "clinical supplies."  (Compl. Attachment B)

and routine and at no time did Schofield or any of the Defendants ever communicate any displeasure or problem with the medical treatment provided.  Plaintiff further claims that it was a "member" of Defendants' health plan and Defendants were obligated to reimburse Plaintiff for the entire amount submitted.  (Compl. ¶¶ 1-9.)

On November 26, 2007, Defendants removed the matter to federal court pursuant to 28 U.S.C. §§1441 and 1446.   In December 2007, Defendants moved to dismiss the case (Docs. 4, 5, 9) arguing, inter ali, that Plaintiff's breach of contract claims are preempted under section 514(a) of ERISA.  Defendants further contend that Plaintiff's ERISA claim arising under section 502(a) must be dismissed for lack of standing.  The court granted the Motion as unopposed on August 5, 2008.  Plaintiff timely filed a Motion for Reconsideration, which the court granted on September 16, 2008.  Plaintiff filed its Response in Opposition to Defendants' Motion (Doc. 18) on September 19, 2008 arguing that the case should be remanded for lack of subject matter jurisdiction.[2]

## STANDARD OF REVIEW

A)        12(B)(6) Motion to Dismiss

In deciding a 12(B)(6) motion to dismiss for failure to state a claim, the court must view the well pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).   Because the

---

[2]    To support this contention, Plaintiff first argues that its claims are not completely preempted under section 502(a).   Plaintiff contends that it lacks standing to bring a claim under section 502(a) as that section of ERISA allows a participant or beneficiary in a plan to bring a civil action to recover benefits or clarify his rights to future benefits and does not apply to medical providers.  Plaintiff further contends that section 502(a) is inapplicable because  the dispute is not over the right to payment, but rather the amount of payment.

Federal Rules of Civil Procedure only require notice pleading, the complaint need only contain a

"short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[O]nly a

complaint that states a plausible claim for relief [will] survive[] a motion to dismiss."  Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  If the court can only infer the mere possibility of

misconduct, the complaint must be dismissed because it has alleged – but failed to show – that

the pleader is entitled to relief.  Id.

**B)      Motion to Remand**

The relevant statutory provisions for removal are provided in 28 U.S.C. §§ 1441-1452.

Section 1446(b) sets forth the procedure for removing a state case to federal court and reads in

part, as follows:

> [t]he notice of removal of a civil action or proceedings shall be
> filed within thirty days after the receipt by the defendant, through
> service or otherwise, of a copy of the initial pleading setting forth
> the claim for relief upon which such action or proceeding is based,
> or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is
> not required to be served on the defendant, whichever period is
> shorter.

28 U.S.C. § 1447 delineates procedures to be followed after removal.  Generally, a motion to

remand a case for defects other than lack of subject matter jurisdiction must be made within 30

days after the filing of the notice of removal.  28 U.S.C. § 1447(c).  If at anytime before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded by motion or sua sponte.  Id.; see also In re: FMC Corp. Packaging Systems Div., 208

F.3d 445, 450 (3d. Cir. 2000)(limiting the district court's authority to issue sua sponte orders of

remand to subject matter jurisdiction; the district court does not have the authority to raise a

procedural defect sua sponte, even where the remand is timely).

## DISCUSSION

Defendants removed this case alleging that this Court has original jurisdiction over Plaintiff's claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1331.  To support this assertion, Defendants note that the Hersha Plan provides benefits payable under the Employee Welfare Benefit Plan and Plaintiff's claim is one for recovery of benefits.  Defendants do not specify whether Plaintiff's claims arise under express or complete preemption, however, for purposes of preemption, only the latter creates a basis for removal to federal court.[3]  Accordingly, the question that the Court must decide is whether complete preemption applies in the instant case, notwithstanding the breach of contract cause of action advanced by Plaintiff.

In deciding whether the action was properly removed from state court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331 (federal question jurisdiction), the Court must begin its analysis with the "well-pleaded" complaint rule.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the "well-pleaded complaint" rule, federal question jurisdiction, for purposes of removal, exists only if an issue of federal law appears on the face of a properly pleaded

---

[3]  As a preliminary matter, it is important to note the distinction between the two types of preemption that arise in the ERISA context: (1) "complete preemption" under section 502(a); and (2) "express preemption" under section 514(a).  In re U.S. Healthcare, the Third Circuit clarified the difference between the two; noting that complete preemption must be distinguished from express preemption since complete preemption is used as a jurisdictional concept, while express preemption is a substantive concept governing the applicable law.  193 F.3d 151 (3d Cir. 1999).

Section 514(a), 29 U.S.C. § 1144(a) supercedes state laws that "relate to" an ERISA plan and govern the law that will apply to the claims irrespective of whether the case is initiated in state or federal court.  Id.  Therefore, even if plaintiff's state law claims are arguably preempted under section 514(a), if the Court finds that plaintiff's claims fall outside the scope of section 502(a), no removal jurisdiction will exist.

complaint.  Dukes v. U.S. Healthcare, 57 F.3d 350, 353 (3d Cir. 1995).   Generally, preemption is an affirmative defense and ordinarily does not appear on the face of a well-pleaded complaint to allow for removal.  Id.; see also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847-2848, 77 L.Ed.2d 420 (1983) (providing that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue). [4]

There does exist an independent corollary to the "well-pleaded complaint" rule however, known as the "complete preemption" doctrine.  See Pryzbowski v. U.S. Healthcare, 245 F.3d 266, 271 (3d. Cir. 2001).  Unlike ordinary preemption, complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint."  In re U.S. Healthcare, 193 F.3d at 160; see also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) (recognizing Congress' authority to completely pre-empt certain causes of action under state law so that any civil complaint raising this select group of claims is necessarily federal in character).

The complete preemption exception is applied to cases arising under ERISA's civil enforcement mechanism, section 502(a).  See e.g., DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442 (3d. Cir. 2003).   Section 502(a) of ERISA allows plan participants and beneficiaries of an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1)(B).  As a result, state law causes of action that fall within the

---

[4]   Plaintiff's complaint on its face does not state a federal cause action, even though Defendants may assert a preemption defense, there is no obvious basis for removal to this Court under 28 U.S.C. § 1441.

scope of section 502(a) are completely preempted and thus removable to federal court. See e.g., Allstate Ins. v. 65 Sec. Plan, 879 F.2d 90, 93-94 (3d. Cir. 1989).

In the instant matter, Plaintiff's claims are not completely preempted because it does not have standing to bring a claim under section 502(a). Generally, healthcare providers are not considered beneficiaries or participants and thus lack independent standing to bring a claim under this statute. Ahmad v. Aetna U.S. Healthcare, et al., No. CIV.A. 02-8673, 2005 WL 2241042, at *2 (E.D. Pa. Sept. 14, 2005) (citations omitted). Despite Defendants' attempt to distinguish this case from Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d Cir. 2004), the Court finds Pascack instructive on this issue.

In Pascack, the court addressed the issue of whether a hospital has standing to bring a claim under section 502(a) of ERISA. Id. There, a hospital brought a breach of contract action in state court against an employee benefit plan for failure to pay for services rendered to one of the plan's beneficiaries. Id. at 395. The plan removed the case to federal court and moved for summary judgment. Id. The hospital moved to remand. Id. The District Court held that the hospital's breach of contract claims were completely preempted by ERISA and therefore raised a federal question supporting removal under 28 U.S.C. § 1441(a). Id. On appeal, the Third Circuit reversed the District Court's ruling, holding that the hospital could not have brought its breach of contract claim under section 502(a) because it was not a participant or beneficiary of the plan and thus lacked standing to sue under that statute. Id. at 400. The court went on to explain that a case is removable only if (1) at some point in time, plaintiff could have brought its claim under section 502(a) and (2) no other legal duty supports the plaintiff's claim. Id.

Like the plaintiff in Pascack, Plaintiff is neither a participant nor a beneficiary.

-7-

Tellingly, both parties agree that Plaintiff lacks standing to bring a claim under section 502(a) for this reason, however, Defendants contend that because the Complaint alleges that Plaintiff is entitled to payment as a "member" of the plan, Plaintiff's claims necessarily arise under section 502(a). The Court is not persuaded by this argument. As the party seeking removal, Defendants bore the burden of proving that Plaintiff's claim is a section 502(a) ERISA claim. Pascack, 388 F.3d at 401 (citing DiFelice, 346 F.3d at 452). The law is clear on this issue and Defendant failed to provide any case law stating to the contrary.

In U.S Healthcare, the Third Circuit rejected a similar argument and permitted plaintiffs to re-characterize an ambiguously worded count despite the district courts determination that the claim was completely preempted. See Tiemann v. U.S. Healthcare, Inc., 93 F.Supp.2d 585, 597 (3d. Cir. 2000)(explaining the courts holding in U.S. Healthcare). There, the complaint alleged that the HMO was negligent in "not providing for [an in-home] visit by a participating provider," despite assurances under the program that it would be provided. U.S. Healthcare, 193 F.3d at 164 (internal citations omitted). On appeal, Plaintiffs urged the court to interpret the complaint as "a state cause of action for violating a tort duty to provide [] adequate medical care, rather than a violation of a contractual promise ... made to them in their ERISA plan." Id. To avoid trumping plaintiff's state law causes of action, the Third Circuit accepted plaintiffs' interpretation, reasoning that "the mere fact that plaintiffs referred in their complaint to a benefit promised by their health care plan does not automatically convert their state-law negligence claim into a claim for benefits under section 502(a). Id.

Although the facts of the instant case are not entirely analogous to U.S. Healthcare, the Court believes that the same reasoning should apply. Here, the Complaint states that "as

members of Defendants' health plan, all Defendants are obligated and required to reimburse Plaintiff for medical services rendered to Schofield . . ." (Compl. ¶ 16.) Defendants note that the Complaint uses the term "member" to refer to both Plaintiff and Schofield and therefore submit that Plaintiff is purporting to be a participant or beneficiary covered under a policy. (Defs.' Mot. to Dismiss fn 5). Plaintiff does not present any further arguments which would lead the Court to believe that it intended to assert participant or beneficiary status. Therefore, despite Defendants' argument to the contrary, the mere reference to plan membership, mistakenly or not, is insufficient to convert plaintiff's breach of contract claims into derivative claims for benefits under section 502(a).

## CONCLUSION

In sum, the Court finds that Plaintiff's claims are not completely preempted because Plaintiff as a healthcare provider, qualified neither as a participant nor beneficiary, and therefore lacked standing to bring a claim under section 502(a) of ERISA. As such, removal to this Court was improper. Accordingly, Defendants' Motion to dismiss is denied and the case is remanded to state court for further resolution.

An Appropriate Order follows.